DECISION
The matter before the Court is the Receiver's Petition for Instructions as to the allocation of claims by T N plc based in Manchester, England as between CU Ltd. receivership in the United States and the CU Ltd. liquidation in Canada. T N plc has filed claims both in Canada and the United States and the Receiver requests instructions in order to avoid duplication of payment and handling of the claims.
T N plc (T N) appears to the Court to stand in the shoes of its subsidiaries, all of whom it is manifested by the pleadings were issued policies of insurance, here, in the United States by United States brokers for activities being performed by the subsidiaries in the United States. T N is a foreign corporation owned by foreign individuals who had subsidiaries of the same makeup doing business in the United States.
T N states as to the statutory account, which is "for the benefit of the policy holders of said Company in the United States," that it, T N is not a company in the United States and thus does not qualify as a policy holder. The company referred to in the quote is CU Ltd, not T N and "in the United States" as I read the agreement refers to the policyholders not the Company.
As to the Fleet Deposit, while it is true that T N does not fall within the terms of A B, i.e., a United States domiciliary or a state chartered corporation, it appears to the Court that T N falls within the last sentence, ". . . and any other . . . corporations . . . who are holders . . . of American policies."
[I might add, that unless someone can point out to me some significance to the first ten lines on the definition of policyholders in the Fleet Deposit, the final three lines are all encompassing.]
T N is, in the Court's opinion, a policyholder as to both deposits, subject to filing claims in the CU Ltd. receivership here in Rhode Island to be administered and adjudicated in this proceeding.